# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | No. 03 CR 779 |
| ) | |
| MICHEL THYFAULT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

After a lengthy trial one defendant was found guilty, but defendant Thyfault was found not guilty on a conspiracy charge and the jury was unable to agree on four mail fraud counts. The government sought to retry defendant on the mail fraud counts, and defendant moved to dismiss on the basis of a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.* The government conceded that defendant might be right about that and moved to dismiss without prejudice. That motion was granted, and the government obtained a second superceding indictment. That led defendant to renew two other motions he had previously filed.

The first is a motion to dismiss Counts One through Four (the mail fraud counts) on the basis of issue preclusion or collateral estoppel. The parties agree that if the jury in the first trial decided an issue that must be proven beyond a reasonable doubt in the subsequent trial, the government is estopped from proceeding. The legal matrix governing the matter, they agree, is set forth in United States v. Salerno, 108 F.3d 730, 741 (7th Cir. 1997):

> Issue preclusion in the criminal context means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *accord* Bailin, 977 F.2d at 274. In Bailin, we listed the three procedural rules that govern the application of issue preclusion in criminal cases. First, courts

should not apply the collateral estoppel rules in a hypertechnical manner, but rather should examine the pleadings, evidence, charge, and other relevant matter to determine whether a rational jury could have based its verdict on an issue other than the one the defendant seeks to foreclose from consideration, Bailin, 977 F.2d at 280; *see* Ashe, 397 U.S. at 443, 90 S.Ct. At 1194. Second, issue preclusion only applies when a relevant issue in a subsequent prosecution is an "ultimate issue," *i.e.*, an issue that must be proven beyond a reasonable doubt. Bailin, 977 F.2d at 280, *see* Dowling v. United States, 493 U.S. 342, 348-51, 110 S.Ct. 668, 672-74, 107 L.Ed.21 708 (1990). Third, the defendant bears the burden of proving that this ultimate issue was necessarily determined by the prior jury. Bailin, 977 F.2d at 280; *see* Dowling, 493 U.S. at 350-51, 110 S.Ct. at 673-74.

The issue here is whether or not the jury's verdict of not guilty on the conspiracy count precludes the government from attempting to prove defendant's intent to defraud, an element of the mail fraud charges. The government contends that it is not precluded. It argues that intent to defraud is not an element of conspiracy and is an element of mail fraud. Further, the jury could have concluded that the government had failed to prove that defendant knowingly became a member of the conspiracy.

It is difficult, however, to reconcile the conspiracy acquittal with a possible mail fraud conviction. Intent to defraud is not, in the abstract, an element of conspiracy. But here the indictment charged a conspiracy to participate in a scheme to defraud by means, among others, of mail fraud. And it charged mail fraud through mailings for the purpose of executing and attempting to execute that scheme to defraud. In closing arguments, the government emphasized to the jury that the same evidence proved both the conspiracy and mail fraud counts because it proved that defendant knowingly participated in the scheme and did so with intent to defraud. Conversely, defendant's counsel argued that defendant did not knowingly and intentionally participate in a scheme to defraud.

One can, obviously, engage in mail fraud without the participation of anyone else,

without any conspiracy. But here none of the evidence suggests that Thyfault was off on some frolic of his own and no one contends that he was. Further, the jury found that there indeed was a conspiracy to participate in a scheme to defraud with at least one overt act, but Thyfault was not part of it. That means that the jury had to conclude that defendant did not knowingly become a member of the conspiracy with an intention to further the conspiracy, the object of which was to engage in the scheme to defraud alleged in the mail fraud counts.

In the circumstances of this case we cannot posit a meaningful distinction between knowing participation in a conspiracy to defraud and knowingly and with intent to defraud participating in that scheme to defraud. We believe that the ultimate issue of defendant's involvement in the scheme to defraud was necessarily determined by the jury adversely to the government. Accordingly, we grant the motion to dismiss Counts One through Four.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_June 27_, 2007.